STATE OF HAWAI`I, Plaintiff-Appellee,
v.
ELIJAH EUGENE AMONDSON, Defendant-Appellant
No. 27570
Intermediate Court of Appeals of Hawaii.
February 14, 2007.
On the briefs:
Jon N. Ikenaga, Deputy Public Defender, for Defendant-Appellant.
Brian R. Vincent, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
LIM, Presiding Judge, FOLEY and NAKAMURA, JJ.
Defendant-Appellant Elijah Eugene Amondson (Amondson) appeals from the Judgment filed on December 16, 2005 in the District Court of the First Circuit, Wahiawa Division (district court).[1]
On August 26, 2004, the State orally charged Amondson with one count of Reckless Driving of Vehicle or Riding of Animals, in violation of Hawaii Revised Statutes (HRS) § 291-2 (Supp. 2006). The State alleged that on July 22, 2004 Amondson did operate his vehicle recklessly in disregard of the safety of persons or property.
The district court held a one-day bench trial on September 22, 2005 at which both Amondson and the citing officer, Honolulu Police Department (HPD) Officer Kutsy, testified. At the close of evidence, the district court found Amondson guilty of the charge. Amondson timely appealed.
On appeal, Amondson argues that (1) the district court erred in admitting the speed reading from the LTI 20-20, a laser speed-measuring device, (laser gun) where the State failed to established that it was an acceptable laser speed detection device; (2) Officer Kutsy's testimony as to the speed reading on the laser gun was inadmissible where the State failed to lay the proper foundation to establish that he was qualified to operate and had tested the laser gun; and (3) there was no substantial evidence to support Amondson's conviction for reckless driving where the only alleged basis for the charge was that he had committed a traffic violation (i.e. exceeding the speed limit) and the State failed to prove that he had consciously disregarded a substantial and unjustifiable risk to the safety of persons or property.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues as raised by the parties, we conclude:
(1) The district court did not err in admitting the speed reading from the laser gun. State v. Stoa, 112 Hawai`i 260, 265 & 268, 145 P.3d 803, 808 & 811 (App. 2006).
(2) In accordance with Stoa, the State presented an adequate foundation that Officer Kutsy tested the laser gun in accordance with accepted procedures and was qualified to operate the laser gun. Stoa, 112 Hawai`i at 262 & 268, 145 P.3d at 805 & 811; State v. Tailo, 70 Haw. 580, 582, 779 P.2d 11, 13 (1989).
(3) There was sufficient evidence to support Amondson's conviction for reckless driving. HRS § 291-2; HRS § 702-206(3)(a) (1993); State v. Agard, No. 27219, 2007 WL 158725, at *3 (Hawai`i Jan. 23, 2007).
Therefore,
IT IS HEREBY ORDERED that the Judgment entered on December 16, 2005 in the District Court of the First Circuit, Wahiawa Division, is affirmed.
NOTES
[1] Per diem District Court Judge Valerie W.H. Chang presided.